[No. 1204, February 25th, 1908.]

J. M. SANDOVAL, Appellee, v. GEORGE F. AL-BRIGHT, Appellant.

### SYLLABUS (BY THE COURT).

The judgment of the District Court is affirmed upon the authority of Territory v. Albright, 12 N. M., 293, and Sandoval v. Albright, decided by this court on January 13th, 1908.

Appeal from the District Court for Bernalillo County, before IRA A. ABBOTT, Associate Justice. Affirmed.

WILLIAM B. CHILDERS, for Appellant.

If the plaintiff was ineligible to the office, he can not recover fees paid another incumbent who was not lawfully entitled to the office. There is no property in an office. Butler v. Pa., 10 How. 402; Stuhr v. Curran, 15 Vroom 181, 43 Am. Rep. 353; Auditor of Wayne Co. v. Benoit, 4 Am. Rep. 382; 23 A. & E. Enc. of Law 396; Mathews v. Copiah County, 53 Miss. 715, 24 Am. Rep. 715; Territory ex rel Sandoval v. Albright, 78 Pac. 207; Albright v. Territory ex rel Sandoval, 79 Pac. 719; Albright v. Territory ex rel Sandoval, 200 U. S. 9.

NEILL B. FIELD for Appellee.

A person holding the legal title to an office may re-cover from an intruder, after judgment of ouster in quo warranto proceedings, the lawful fees and emoluments attached to such office. U. S. v. Addison, 6 Wallace 291; Stuhr v. Curran, 44 N. J. L. 181 not conclusive; Albright v. Sandoval, 200 U. S. 9; idem, 78 Pac. 205; idem, 79 Pac. 719.

The right to the emoluments of the office is a property right. U. S. v. Addison, 6 Wall. 298; Mayfield v. Moore, 53 Ill. 428, 5 Am. Rep. 55.

### STATEMENT OF FACTS

This suit was brought by Sandoval, claiming to be the lawful incumbent of the office of Assessor of Bernalillo County, to recover from the defendant Albright, the sum of $1,561.88 alleged to have been received by defendant from the Territorial Auditor on July 25, 1905, as a part of the fees and emoluments of the office of assessor. The answer of the defendant admitted the receipt of the money but alleged, *first,* that defendant was the lawful incumbent of the office by virtue of an appointment of the Board of County Commissioners of Bernalillo County, in filling a vacancy resulting from the acts effecting the creation of Sandoval County, approved respectively March 10. 1903 and March 12, 1903, and, *second,* that plaintiff was disqualified from exercising the duties of the office because at the time a resident of Sandoval County. Thereupon plaintiff moved for judgment on the pleadings, which being sustained, the defendant prosecutes his appeal to this court.

### OPINION OF THE COURT.

POPE, J.—(After stating the facts.) This is one of the fragments of a litigation which has been before this court in one form or another at almost every term, since 1904. The case at bar presents no features that have not been already fully considered and decided by this court. The power of the county commissioners to appoint Albright to the office of assessor was decided adversely to him, in Territory v. Albright, 78 Pac. 204, 12 N. M. 293. The

eligibility of Sandoval to hold the office was decided favorably to Sandoval in the same case. The right of Sandoval, under these conditions, to recover the fees of the office, was settled in his favor, by the decision of this court in Sandoval v. Albright, No. 1190, 13 N. Mex. 64, decided January 13, 1908.

The judgment is accordingly affirmed.